# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIAN GANG CHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1453-D |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

On December 5, 2025, Respondents filed a Notice informing the Court that "Petitioner will be transferred outside this judicial district on December 8, 2025," and "is scheduled to be removed on December 15, 2025." (Doc. 11). Later on December 5, 2025, Petitioner responded to the Notice ("Notice Response") raising several concerns, but primarily that Respondents have provided no evidence of a travel document issued for Petitioner by China. (Doc. 12, at 2). Petitioner also sought the following relief:

1) The entry of "an Order preventing Respondents from transferring Petitioner out of this district until Respondents have satisfied the Court that China will accept Petitioner;" and

2) The entry of an order requiring Respondents "to provide copies of the travel document that will be used to effect Petitioner's deportation to the Court (*ex parte* for *in camera* review), along with an affidavit from one or more of Respondents' agents who have personal knowledge as to the genuineness of the document, within 24 hours, to allow the Court to examine the document and ensure it has all the hallmarks of authenticity one would reasonably expect."

(*Id.* at 6-7).[1]  After Petitioner filed the Notice Response – and still on December 5, 2025 – Respondents filed a Notice informing the Court that U.S. Immigration and Customs Enforcement notified Respondents' counsel that "Petitioner was no longer scheduled for transfer and removal on the aforementioned dates due to commercial flights to China being fully booked through December 25, 2025," and that "he will be removed once new travel arrangements are secured."  (Doc. 13, at 1-2).

Shortly thereafter, the Court ordered Respondents to file a reply to the Notice Response addressing any updates on Petitioner's status with regard to his transfer out of this district, any travel document secured for Petitioner, and evidence of China's likelihood of accepting Petitioner.  (Doc. 14, at 1-2).  Respondents filed a reply and a supplemental rely, (Docs. 15, 17), and Petitioner filed a surreply.  (Doc. 18).  In his surreply, Petitioner again seeks the entry of an order preventing Petitioner's transfer out of this district, and an order requiring Respondents to provide copies of the travel document.  (*Id.* at 8).

Upon consideration of the filings, the undersigned denies Petitioner's requested relief.  The Attorney General's discretionary decision as to where to detain aliens pending removal or a decision on removal is not reviewable by this court on a habeas petition.  *See Tercero v. Holder*, 510 F. App'x 761, 766 (10th Cir. 2013); 8 U.S.C. § 1231(g)(1).  To the extent that Petitioner's transfer out of this district may be for the purpose of executing his removal to China, this court likewise has no jurisdiction to review the Attorney General's

---

[1] Petitioner also sought a telephonic scheduling conference, (Doc. 12, at 7), which was denied by the Court.  (Doc. 14, at 2).

action.  8 U.S.C. § 1252(g).  However, this court retains jurisdiction over Petitioner's habeas case regardless of where in the United States he is transferred.  *Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015) (explaining that jurisdiction attaches on the petitioner's initial filing for habeas corpus relief and is not destroyed by the transfer of petitioner and accompanying custodial change) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) and *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014)).  *See also Jin v. Bondi*, No. CIV-25-1232-JD, ECF No. 29, at *2 (W.D. Okla. Dec. 5, 2025).

As previously ordered, Respondents shall file an answer, motion, or other response to the Petition on or before December 19, 2025.  (Doc. 9, at 1).  This order should not be construed, however, as an adoption of Respondents' arguments regarding the burden of proof or the burden of production of evidence nor the relevance of a travel document to the ultimate issue in this case of whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

IT IS SO ORDERED this 9th day of December, 2025.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE